UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    **ECF CASE**
-------------------------------------------------------------------x
ATSUSHI MORI, et al.,

                   Plaintiffs,

                                          10-cv-6465-BSJ-GWG

          -against-

MAMORU SAITO, et al.,

                   Defendants.
-------------------------------------------------------------------x

### BRIEF IN SUPPORT OF
### SAKAGAMI DEFENDANTS' MOTION
### TO DISQUALIFY PLAINTIFFS' COUINSEL

Dated: April 4, 2011

**GUSRAE, KAPLAN, BRUNO & NUSBAUM PLLC**
*Attorneys for Certain (Sakagami) Defendants*
120 Wall Street
New York, New York  10005
(212) 269-1400

# TABLE OF CONTENTS

Page No.

TABLE OF AUTHORITIES ................................................................................... .... ii

PRELIMINARY STATEMENT ............................................................................ .... 1

FACTUAL BACKGROUND .................................................................................. .... 1

ARGUMENT .............................................................................................................. .... 2

      A.    Listening In Is "Communication,"
             Constituting An Ethical Violation ................................................. .... 2

      B.    For Such Act, Disqualification Is Appropriate ................................ .... 4

CONCLUSION ........................................................................................................... .... 6

# TABLE OF AUTHORITIES

**CASES**                                                                 Page **No.**

<u>Matter of Florence Rostami – Gouran, Esq.</u>, Departmental Disciplinary Committee,
N.Y. Sup. Ct., Docket No. 2010-2957 (App. Div. 1st Dep't).................................................5

<u>Matter of Howes</u>, 123 N.M. 311, 940 P.2d 159 (1997) ..........................................................3-4

<u>Meachum v. Outdoor World Corp.</u>, 171 Misc.2d 354,
654 N.Y.S.2d 240 (Sup. Ct. Queens County 1996) ...............................................................3

<u>MMR/Wallace Power & Indus., Inc. v. Thames Assocs.</u>,
764 F. Supp. 712 (D. Conn. 1991).........................................................................................5,6

<u>Papanicolaou v. Chase Manhattan Bank, N.A.</u>, 720 F. Supp. 1080 (S.D.N.Y. 1989)...........4,5

<u>Trimper v. Terminix Int'l Co., L.P.</u>, 82 F. Supp.2d 1 (N.D.N.Y. 2000)................................6


**STATUTES & OTHER AUTHORITIES**

<u>New York Rules of Professional Conduct</u>
Rule 4.2 (22N.Y.C.R.R. Part 1200) .....................................................................................2-3

<u>New York Disciplinary Rules of the Code of Professional Responsibility</u>
DR 7-104(A)(1) (former rule) ...............................................................................................3

## Preliminary Statement

Florence Rostami, Esq. and her law firm, Florence Rostami Law, LLC, should be disqualified in this matter for her purposely and secretly listening in on a telephone conversation with defendant Takahito Sakagami – without making known her presence – while Mr. Sakagami reportedly spoke with a relative of the plaintiffs about the subject matter of this litigation at a time when Ms. Rostami knew that defendant Sakagami was represented by counsel in this case, who had long prior filed their notices of appearance.

## FACTUAL BACKGROUND

Ms. Rostami references the offending conversation in her December 22, 2010 letter to Judge Barbara Jones ("Rostami Letter" (exhibit "A" to the accompanying Declaration of Brian D. Graifman)). Ms. Rostami there admits that she quietly listened to a telephone conversation between Mr. Sakagami and Mrs. Reiko Sakuramoto, who is the daughter of plaintiff Yoko Ogura and sister of plaintiff Kayoko Orita. As described, Ms. Sakurmoto was talking on her home phone line on speakerphone while Ms. Rostami secretly listened in on the conversation through Mrs. Sakuramoto's cell phone line.

Ms. Rostami boasts that she "heard Sakagami very clearly" and that she "was able to recognize Sakagami's voice, from having spoken with him several times directly, prior to his hiring a lawyer to represent him." According to Ms. Rostami, this eavesdropped call took place on December 17, 2010, subsequent to our filing our notice of appearance for Mr. Sakagami (and others) on October 13, 2010 (docket entries #3-4).

According to Ms. Rostami, earlier in the day of the telephone conversation, Mr. Sakagami had already called Mrs. Sakuramoto (Rostami Letter at 2). That caused Ms. Rostami to complain to Mr. Sakagami's counsel Brian Graifman that his clients were

1

calling her clients, in her belief from Columbia – the Republic of Columbia, where

Sakagami is located (Graifman Decl. ¶ 4). As elaborated by Ms. Rostami:

> We contacted Sakagami's attorney – Brian Dale Graifman, of
> Gusrae, Kaplan, Bruno & Nusbaum, PLLC – and demanded the
> discontinuance of Sakagami [sic] harassing calls. Despite that
> warning, Mr. Sakagami once again called Mrs. Sakuramoto's cell
> phone after 10 p.m. on the same day that we had issued our
> demand on Mr. Sakagami's attorney. Mrs. Sakuramoto did not
> respond to the call and, subsequently, called our office. During the
> course of that phone call – between Mrs. Sakuramoto and our
> office – Mr. Sakagami had placed another call to Mrs. Sakuramoto
> – this time to her home phone number. Mrs. Sakuramoto answered
> and put both her cell and home phones on speakerphone. We
> heard Sakagami very clearly. Again, without introducing himself
> by name and with an intimidating tome of voice, he said that he
> was told that he had interrupted Mrs. Sakuramoto earlier in the
> afternoon. He then asked Mrs. Sakuramoto to "place her hand on
> her heart and feel the consequences of her action." Then he hung
> up. I was able to recognize Sakagami's voice, from having spoken
> with him several times directly, prior to his hiring a lawyer to
> represent him.

(Rostami Letter at 2)

Significantly, during the subject conversation with Mr. Sakagami, Ms. Rostami

apparently continued to listen in and at no time identified herself or attempted to stop the

conversation. As shown below, such conduct constitutes a blatant violation of Rule 4.2

of the Professional Conduct Rules, and for such violation, disqualification is appropriate.

## ARGUMENT

### A.   Listening In Is "Communication," Constituting An Ethical Violation

Rule 4.2 of New York's Rules of Professional Conduct (22 N.Y.C.R.R. Part

1200), entitled "Communication With Person Represented by Counsel," reads in relevant

part:

> (a)  In representing a client, a lawyer shall not communicate or
> cause another to communicate about the subject of the
> representation with a party the lawyer knows to be represented by
> another lawyer in the matter, unless the lawyer has the prior
> consent of the other lawyer or is authorized to do so by law. . . .

This rule (which along with the rules became effective April 1, 2009), supplanted

former DR 7-104(A)(1) of New York's Disciplinary Rules of the Code of Professional

Responsibility, which similarly provided (in relevant part):

> During the course of the representation of a client a lawyer shall
> not . . . [c]ommunicate or cause another to communicate . . . with a
> party the lawyer knows to be represented by a lawyer in that matter
> unless the lawyer has the prior consent of the lawyer representing
> such other party or is authorized by law to do so.

"Communicate" under the rule is construed broadly and encompasses listening in

silently on a conversation.  This is apparent from Meachum v. Outdoor World Corp., 171

Misc.2d 354, 654 N.Y.S.2d 240 (Sup. Ct. Queens County 1996), where a motion for class

certification was denied on the basis that plaintiff's counsel improperly stayed silent

while listening to a telephone conversation between his client and the representative of a

represented adverse party.  As noted by the court, the attorney there "listened to the

conversation without acknowledging his presence." Id. at 367, 654 N.Y.S.2d at 250.  The

attorney "was candid neither about his interest, nor his identity.  His presence during the

telephone conversation was not disclosed – he remained silent as [his client] stated that

he wished to proceed without an attorney.  This . . . was highly improper." Id. at 363,

654 N.Y.S.2d at 247.  An attorney cannot circumvent a disciplinary rule through the

actions of another. Id. at 365, 654 N.Y.S.2d at 249.

In Matter of Howes, 123 N.M. 311, 940 P.2d 159 (1997), an attorney was

censured where he only *listened* to the represented person: "[A]n equally important

purpose [of the non-communication ethical rule] is to protect a person represented by

counsel 'not only from approaches of his adversary's lawyer, but from the folly of his

own well-meaning initiatives and the generally unfortunate consequences of his

ignorance.'" Id. at 317, 940 P.2d at 165 (source citation omitted).  The court continued:

> To argue that one does not violate [the rule] if one does not ask
> questions or impart information borders on sophistry.  People do
> not compromise their positions or waive their defenses by listening
> to an attorney; they do so by talking while the attorney listens.
> "Communication" and "interrogation" are not synonymous, and it
> is "communication" that is prohibited by [the rule].

Id. at 317-18, 940 P.2d at 165-66.  "[B]y granting him an audience they tacitly

encouraged him to keep talking." Id. at 318, 940 P.2d at 166.

**B.      For Such Act, Disqualification Is Appropriate**

The rule against communication with represented parties "guarantees fairness in

the adversarial system.  It prevents unprincipled attorneys from exploiting the disparity in

legal skills between attorney and laypeople.  It preserves the integrity of the attorney-

client relationship." Papanicolaou v. Chase Manhattan Bank, N.A., 720 F. Supp. 1080,

1084 (S.D.N.Y. 1989) (disqualifying attorney and firm for unauthorized communication

with represented party).

Attorneys who violate this proscription "are paradigmatic candidates for

disqualification." Id. at 1063.  "Therefore, 'any doubt is to be resolved in favor of

disqualification.'" Id. (source citation omitted).  "[T]he standard for disqualification is

whether a trial *might* be tainted." Id. at 1083 n.6 (emphasis in original).

Moreover, even where "no confidential information was actually disclosed," an

"appearance of impropriety" is sufficient to warrant disqualification. MMR/Wallace

Power & Indus., Inc. v. Thames Assocs., 764 F. Supp. 712, 727-28 (D. Conn. 1991)

4

(disqualification of defendant's counsel and law firm for ex parte contact with plaintiff's former employee working with plaintiff's litigation team).

That Mr. Sakagami may have initiated the contact does not save Ms. Rostami. MMR/Wallace, supra, 764 F. Supp. at 723 ("fact that Mr. Morris initiated the ex parte contacts does not save [defendant's counsel]." Even if the initiation of the call had some relevance, Mr. Sakagami was not made aware that plaintiffs' attorney was listening in, and so it cannot be said that he assumed the risk.

Procedurally, this case is at inception, and disqualification will be less likely to prejudice the plaintiffs. Ms. Rostami has merely filed the initiating pleadings, which have yet to be answered or responded to. In such case, the Court should act promptly to order disqualification. See MMR/Wallace Power, supra, 764 F. Supp., at 718 ("[e]ven an appearance of impropriety may . . . require prompt remedial action by the court.").

As Ms. Rostami is the head of her small firm, any disqualification must apply to the whole firm. See also Papanicolaou, 720 F. Supp. at 1087 ("Court doubts whether any Chinese walls, which are meant to be preemptive, can ever function effectively when erected in response to a motion, and not prior to the arising of the conflict").

Additionally, Ms. Rostami has already acted in violation of ethical rules in connection with this case, for which she is being investigated by the Departmental Disciplinary Committee of the New York State Supreme Court, Appellate Division, First Department (Matter of Forence Rostami – Gouran, Esq., Docket No. 2010-2957) (see Graifman Decl. ¶ 5 & Exh. B thereto). The circumstance here is thus aggravated, with the instant incident constituting yet another disciplinary infraction.

For all the reasons set forth above, disqualification of Mr. Rostami and her firm is appropriate. *See* <u>Trimper v. Terminix Int'l Co., L.P.</u>, 82 F. Supp.2d 1, 5-6 (N.D.N.Y. 2000) (conditional disqualification of attorney for improper communication with represented party).

<u>**CONCLUSION**</u>

The Court should disqualify Ms. Rostami and her law firm for her secretly listening in on the telephone conversation of one of the defendants while he discussed the underlying dispute after he was represented by counsel in this action.

Dated: New York, New York
      April 4, 2011

                           **GUSRAE, KAPLAN, BRUNO &**
                           **NUSBAUM PLLC**

                           By: _____/s/_____
                                   Brian D. Graifman (BG5636)
                                   *Attorneys for Certain Defendants*
                                   120 Wall Street
                                   New York, NY 10005
                                   212-269-1400

Amiworld/00008039

6